CARL S. & HILDA M. POEKEL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Poekel v. Commissioner
Docket No. 3128-75.
United States Tax Court
T.C. Memo 1976-190; 1976 Tax Ct. Memo LEXIS 215; 35 T.C.M. (CCH) 822; T.C.M. (RIA) 760190; June 14, 1976, Filed Carl S. & Hilda M. Poekel, pro se. John O. Tannenbaum, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined a $478.39 deficiency in petitioner's 1972 income tax. Apart from a $32 disallowance in respect of a medical and dental expense deduction which turned merely upon a matter of computation, the deficiency was attributable to three adjustments involving disallowance of deductions of $800 for moving expense, $800 for contributions, and $2,138 for casualty loss. 1. Moving expense. Petitioners, husband and wife, had purchased a home in Dexter, Maine, in 1970 for $5,000. At that time they were living in Somerville, Massachusetts, and moved to their new home in Dexter. In 1971 they rented an apartment in Roxbury, Massachusetts, at $50 a month, while at the same time retaining *216 their Dexter home which they regarded as their principal residence. Mr. Poekel's income was derived from driving a school bus in Massachusetts. Throughout 1972 petitioners resided in their Roxbury apartment, except for the summer months which they spent at their Dexter home. They did not abandon their Roxbury apartment while they were thus in Maine during the summer, and continued to pay the $50 monthly rental when they were in Maine. It is not clear as to just what components were included in the claimed $800 moving expense, nor does the evidence show what, if any, moving expenses petitioners in fact incurred in 1972. Moreover, even if some moving expenses were incurred in 1972, the record fails to establish that they were "paid or incurred * * * in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work" as required by the provisions of section 217 of the Internal Revenue Code of 1954. The Commissioner must be sustained as to this item. 2. Contributions. On petitioners' 1972 return they claimed deductions for charitable contributions in the aggregate amount of $800, *217 consisting of four components. The Commissioner disallowed the deduction in its entirety. The first, and largest, component was an alleged contribution of $300 to the "Catholic Church". Although the evidence was not entirely satisfactory as to this item, we are satisfied that Mrs. Poekel was a faithful Catholic and that she in fact made some contributions to the Catholic church. Doing the best we can with the murky evidence before us, we hereby find as a fact that she made such contributions aggregating $200 in 1972. Cf. Cohan v. Commissioner,39 F. 2d 540, 544 (C.A. 2). The evidence as to the other three components of the claimed $800 deduction was entirely too unsatisfactory for us to conclude that any contributions were in fact made other than the $200 which we have approved above. 3. Casualty loss. No evidence was presented as to this item, and the Commissioner's determination in respect thereof must therefore be approved. Decision will be entered under Rule 155.